UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
UNITED STATES OF AMERICA,                        :
                                                 :  **MEMORANDUM AND ORDER**
        -against-                                   :
                                                 :  08-CR-902 (DLI)(MDG)
ROMAN MAVASHEV,                                  :
                                                 :
                            Defendant.  :
------------------------------------------------------------ x

**DORA L. IRIZARRY, United States District Judge:**

Defendant Roman Mavashev is charged with conspiracy to commit bank fraud, conspiracy to commit wire fraud, and three substantive counts of bank fraud. Defendant moves *in limine* to preclude the testimony of one of the government's proposed expert witnesses, or, in the alternative, for a *Daubert* hearing and an order for further government disclosure as to this witness's proffered testimony. The government opposes defendant's motion and cross-moves *in limine* to preclude certain cross-examination of two of its cooperating witnesses. Defendant does not oppose the government's motion. For the reasons set forth below, the defendant's motion is denied in part and granted in part. The government's motion is granted in its entirety.

**I.    Background**

Defendant is a licensed mortgage broker, whose practice is regulated by the New York State Banking Department ("NYSBD"). The government alleges that defendant used his position as owner and operator of New Generation Funding ("NGF"), a mortgage brokerage firm, to "obtain loans for unqualified straw buyers," who purchased multiple properties based on fraudulent loan applications. (Govt. Mem. in Opp'n at 2.) This allegedly induced multiple lenders to extend loans for the same property, allowing defendant to profit from the transactions as the properties subsequently fell into foreclosure. (*See id.*) The instant Memorandum and Order assumes familiarity with the factual and procedural history of this case. For more details, refer to

the court's Memorandum & Order denying defendant's motion to dismiss the indictment. *See generally United States v. Mavashev*, 2009 WL 4746301 (E.D.N.Y. Dec. 7, 2009).

**II.     Discussion**

    **A.     Expert Testimony of Rholda Ricketts**

By letters dated November 12 and 19, 2009 (Docket Entry Nos. 24 and 26, respectively), the government disclosed its intention to call as an expert witness Rholda Ricketts, Deputy Superintendent of the NYSBD's Mortgage Banking Division. Defendant moves to preclude all of Ricketts' testimony on the grounds that this disclosure was insufficient. Specifically, defendant argues that the government failed to adequately explain the bases for Ricketts' expert opinions as required by Federal Rule of Criminal Procedure 16(a)(1)(G). (Def's. Mot. at 2.) As discussed in Part II.A.1, *infra*, the court finds this argument to have no merit.

        **1.     Sufficiency of Government Disclosure**

"At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under [the Federal Rules of Evidence governing expert witnesses] during its case in chief at trial." FED. R. CRIM. P. 16(a)(1)(G). "[This] summary . . . must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." *Id.* The purpose of this rule is to "provide the opponent with a fair opportunity to test the merit of the expert's opinion through focused cross-examination." *United States v. Cruz*, 363 F.3d 187, 196 n.2 (2d Cir. 2004).

"Even if the disclosure provides a sufficient summary of any opinions to be offered by the witness, it *may* be excluded if the [party] has made no attempt at all to describe the bases and reasons for those opinions . . . ." *U.S. v. Mahaffy*, 2007 WL 1213738, at *2 (E.D.N.Y. Apr. 24, 2007) (emphasis added) (citation and internal quotation marks omitted). However, the failure to

disclose must generally be complete before a court will preclude an expert witness from testifying. *See, e.g.*, *U.S. v. Tin Yat Chin*, 476 F.3d 144, 146 (2d Cir. 2007) (criticizing government for failing to disclose existence of expert witness until start of defense case); *Cruz*, 363 F.3d at 196 (reversing conviction in part because government completely neglected to inform defense of expert witness); *Mahaffy*, 2007 WL 1213738, at *2 (involving case where defendant failed to provide summary of proposed expert witness testimony until start of trial).

Defendant urges the court to preclude the expert testimony of Ricketts entirely on the grounds that the government has provided "not even a hint" as to the "'bases and reasons' for any of [her] opinions." (Def.'s Reply Mem. at 2.) Such a claim is belied by the record. In its initial disclosure letter, the government stated that Ricketts would testify as to proper mortgage loan procedures, and also testify about an NYSBD audit of defendant's brokerage firm. As the basis for Ricketts' expertise regarding the former, the government provided her resume, which details nearly twenty-five years of service with the NYSBD. (*See id.*; *see also* Govt. Mem. in Opp'n, Ex. 3.) As the basis for Ricketts' expertise regarding the NYSBD audit, the government referred defendant to the audit records provided during discovery. (*See* Docket Entry No. 24 at 1.) In response to defendant's request for additional detail, the government filed a second letter, elaborating on the substance of Ricketts' proposed testimony in four detailed paragraphs. (*See generally* Docket Entry No. 26 at 1–2.) The government further explained that her opinions regarding the defendant's alleged fraud were based in part on the NYSBD's requirement that "mortgage brokers maintain a log of all loan[] applications they receive and process." (Govt. Mem. in Opp'n at 5.)

In light of the above, it cannot be asserted that the government has "made no attempt at all" to comply with Fed. R. Crim. P. 16(a)(1)(G). On the contrary, the court finds the

government's disclosure regarding Ricketts to be satisfactory, as it provides the defendant ample opportunity to prepare a cross-examination. *See Cruz*, 363 F.3d at 196; *see also U.S. v. McCloud*, 303 F. App'x 916, 917 (2d Cir. 2008) (holding that government's pre-trial disclosure, which similarly identified expert witnesses and summarized their testimony, met the requirements of Fed. R. Crim. P. 16(a)(1)(G)).

## 2. Rule 704(b) Restrictions

Defendant also moves to preclude four aspects of Ricketts' proposed testimony on various evidentiary grounds. First, he argues that Ricketts' testimony as to whether a "typical broker" would know that certain actions constitute fraud would violate Federal Rule of Evidence 704(b). (*Id.* at 3.) Second, defendant contends that Ricketts' testimony as to the materiality of defendant's allegedly fraudulent statements "is an element of bank fraud that must be proved to the jury upon a proper instruction from the court, not an expert witness." (*Id.* at 4–5.) Third, defendant contends that Ricketts' testimony regarding an audit conducted by the NYSBD would constitute inadmissible hearsay. (*Id.* at 6.) Finally, defendant argues that Ricketts' "proposed opinion about 'what would have happened' if the [NYSBD] auditor 'would have reviewed' certain unprovided files" is speculative and should therefore be excluded. (*Id.*)

In its response to defendant's request for more detail regarding Ricketts' proposed testimony, the government stated that Ricketts would:

> opine that a [Form] HUD-1's failure to accurately reflect the manner in which funds were disbursed at a closing is an indication of fraud, and that a broker would know that this is an indication of fraud. . . . [Ricketts] will [also] testify that in her opinion [NGF's failure to disclose certain files during an audit by the NYSBD] indicates fraud and that the broker would have known that this indicates fraud.

(Docket Entry No. 26 at 1–2.) The government has since acknowledged that "Rule 704(b)[1] prohibits an expert from testifying that the defendant acted with intent to defraud." (Govt. Mem. in Opp'n at 6.) However, the government clarified that:

> the proffered testimony does not specifically refer to the defendant's intent. Instead, it seeks to establish that certain representations or omissions in documentary evidence reviewed by [Ricketts] are consistent with fraud. It also seeks to establish that a typical broker, not the defendant specifically, would know that these representations and omissions are consistent with fraud.

(*Id.* at 7, 9.) Defendant objects to this proposed testimony on the grounds that a "typical broker" in this context could refer only to himself, and further contends that the government has neither defined the term nor provided sufficient basis for concluding that Ricketts' opinion on this matter is sufficiently reliable. (Def.'s Reply at 5–6.) Defendant therefore requests that such testimony be excluded, or, in the alternative, that the court hold a *Daubert* hearing on the matter. *See generally Daubert v. Merrell Dow Pharms, Inc.*, 509 U.S. 579 (1993).

It is well-settled that with respect to expert witnesses, "[t]estimony about the behavior of a typical or hypothetical individual who shares similarities with the defendant is admissible because this type of evidence does not directly relate to the ultimate issue of the defendant's mental state as an element of the charged crime." 4 JACK B. WEINSTEIN & MARGARET A. BERGER, WEINSTEIN'S FEDERAL EVIDENCE § 704.06[2][c] (Joseph M. McLaughlin ed., 2d ed. 2009) (collecting cases). Furthermore, "[e]xperts may testify about the meaning of circumstances surrounding a crime in order to help the jury in determining whether the defendant has the requisite intent . . . ." *Id.* § 704.06[2][d] (citing *United States v. Simmons*, 923 F.2d 934, 946 (2d

---

[1] "No expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto. Such ultimate issues are matters from the trier of fact alone." FED. R. EVID. 704(b).

Cir. 1991) for the proposition that DEA agent's testimony as to "meaning of unfamiliar narcotics jargon" was not improper expert opinion). For this reason, defendant's objections to Ricketts' proposed testimony lack merit. As long as she does not opine that Mavashev *himself* had the requisite intent to commit or conspire to commit bank or wire fraud, Ricketts may testify as to what a "typical broker" might know in a given situation, assuming this testimony is otherwise admissible. *See* 4 WEINSTEIN § 704.06[2][c].

Regarding defendant's request for a *Daubert* hearing, the court has discretion to resolve issues of reliability without such hearings, given sufficient information on which to base its decision. *See* 4 WEINSTEIN § 702.02[6][b]; *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999) (noting that trial courts must have such discretion "to avoid unnecessary 'reliability' proceedings in ordinary cases where the reliability of an expert's methods is properly taken for granted); *United States v. Williams*, 506 F.3d 151, 160–61 (2d Cir. 2007) (upholding decision to forego *Daubert* hearing where government provided "exhaustive foundation" for witness's expertise). Here, the government has noted that Ricketts' duties as Deputy Superintendant of the NYSBD's Mortgage Banking Division include, *inter alia*, "drafting legislation and regulations pertaining to . . . prohibited conduct and mortgage servicing practices," "implementation of enhanced due diligence protocols," and "development of a nationwide mortgage licensing system and coordinated examinations and enforcement actions." (Govt. Mem. in Opp'n, Ex. 3.) The government has also disclosed that the basis for much of Ricketts' testimony is an audit conducted by the very agency in which she has worked for nearly a quarter-century, and has provided this audit in discovery. (*Id.* at 4; Docket Entry No. 24 at 1.) The court finds this foundation to be sufficient to establish the proffered testimony's reliability. Defendant may of course challenge this reliability via cross-examination of Ricketts, but a

6

separate evidentiary hearing is not required. *See Kumho Tire Co.*, 526 U.S. at 152; *Williams*, 506 F.3d at 160–61.

### 3. Expert Opinion as to "Materiality"

As part of its expert disclosure, the government stated that Ricketts would "opine about the materiality of non-disclosures or fraudulent statements with respect to [the criteria that banks typically use in determining whether to approve a loan] and how that would impact a lender's decision to approve a loan." (Docket Entry No. 26 at 2.) As defendant correctly notes, no witness, expert or otherwise, may testify as to legal conclusions, including whether a particular statement is material or not. *See United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1993). Thus, any questioning of Ricketts as to the materiality of any non-disclosure or statements is precluded.

The government has since conceded the point, stating that it will not ask whether any misrepresentation was material. (Govt. Mem. in Opp'n at 9.) It now characterizes the proffered testimony as an explanation of "the significance of the misrepresentations in mortgage loan applications, on a [Form] HUD-1, in appraisal reports and [in] other documents submitted in support of loan applications." (*Id.*) As such testimony from a witness with specialized knowledge of mortgage procedures would clearly assist the finder of fact in this case, it will be admissible so long as the government otherwise meets the requirements of Federal Rule of Evidence 702.

### 4. Hearsay Regarding NYSBD Audit

Defendant states that, assuming Ricketts "did not participate personally in the audit" of NGF, any factual testimony by her with respect to the audit would be inadmissible hearsay. (Def's. Mot. at 6.) This contention is utterly without merit. As the government stated in its response:

> The government intends to offer the audit documents into evidence as business records. To the extent the government asks Ms. Ricketts any questions regarding

7

the audit, it will be based on the admitted documents and the other documentary evidence in the case. Thus, her testimony will be based on admissible evidence (the documents) and her expert opinions about these documents.

(Govt. Mem. in Opp'n at 10.) Defendant was apparently satisfied by this explanation, as he did not address the hearsay issue in his reply. Nor, for that matter, could he continue to object, as such testimony is not hearsay. *See* FED. R. EVID. 801. Assuming the government lays a proper foundation for the audit documents in accordance with the Federal Rules of Evidence, and properly qualifies Ricketts as an expert, her testimony as to the audit will be admissible.

### 5. Speculation Regarding NYSBD Audit

The government has stated that Ricketts will "opine about what would have happened if the [NYSBD] auditor would have reviewed [certain files that NGF failed to disclose]." (Docket Entry No. 26 at 2.) Defendant contends that such testimony would be "sheer speculation and should not be admitted." (Def's. Mot. at 6.) The government now characterizes Ricketts' proposed testimony on this matter as a description of:

> the procedures that are followed in the [NYSBD] auditing process . . . [Ricketts will] explain what irregularities she has found having recently reviewed the originally undisclosed files. She would then opine that the irregularities that she found would also [have] been found as part of the typical audit process. Finally, she would testify about the appropriate action the auditor would take, [and NYSBD] protocol for addressing the issues that have been discovered in these files, including the fact that [NYSBD] would refer this type of conduct on the part of a broker to its criminal investigation section.

(Govt. Mem. in Opp'n at 10.) Defendant offers no rebuttal, instead complaining that, due to the numerous revisions of the government's proffered testimony, he no longer knows "specifically what opinions will be offered." (Def.'s Reply at 6.) Such a claim is meritless in light of the government's clear intent to supersede earlier versions of Ricketts' proffered testimony with versions that both alleviate defendant's concerns and conform to the Federal Rules of Evidence. (*See generally* Govt. Mem. in Opp'n.) As discussed in Part II.A.1, *supra*, the government has

provided defendant ample opportunity to prepare his cross-examination of Ricketts, and thus satisfied its disclosure requirements. *See Cruz*, 363 F.3d at 196. So long as it meets the requirements of Federal Rule of Evidence 702, the proposed testimony will be admissible.

### B. Cross-Examination of Cooperating Government Witnesses

By letter dated December 9, 2009, the government notified the court and defendant of two potential cooperating witnesses.[2] The first pled guilty in 2001 to Driving While Ability Impaired by Alcohol, classified as an infraction under New York law, after being originally charged with the more serious misdemeanor offenses of Driving While Intoxicated and Operating a Motor Vehicle .10 of 1% of Alcohol. (Gov't Mot. at 2.) The second cooperating witness has been arrested twice for assault, although he has never been convicted. (*Id.*) He was also involved in several fist fights while in junior high school, and smoked marijuana in college. (*Id.*)

The government moves to preclude cross-examination of both witnesses as to these prior acts on the grounds that they are irrelevant to the witnesses' respective characters for truthfulness.[3] The government also contends that any probative value this "non-felony criminal conduct" might have is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading of the jury, undue delay, and waste of time," according to Federal Rule of Evidence 403. (*Id.*) There being no opposition from defendant, and the court having weighed the probative value of the testimony against these dangers, the court exercises its broad discretion

---

[2] The government declined to disclose the identity of these two witnesses "in an effort to protect them from potential harassment or other retaliation," but stated that it would do so the week prior to trial, pursuant to 18 U.S.C. § 3500. (Gov't Mot. at 1.)

[3] (*Id.* at 3.) By letter dated January 6, 2010, defendant declared that he did not oppose the government's motion.

under this Rule and grants the government's motion. *See U.S. v. Awadallah*, 436 F.3d 125, 134 (2d Cir. 2006).

**III.    Conclusion**

For the foregoing reasons, the defendant's motion to preclude the expert testimony of Rholda Ricketts is denied in part and granted in part. The government's motion to preclude certain cross-examination of two of its cooperating witnesses is granted in its entirety. The court declines to order a *Daubert* hearing or order further disclosure on the part of the government as to its expert witness.

SO ORDERED.

Dated: Brooklyn, New York
        January 14, 2010

_____/s/_____
DORA L. IRIZARRY
United States District Judge