UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
UNITED STATES OF AMERICA,            :
                                     :       **MEMORANDUM & ORDER**
         -against-                   :
                                     :       08-CR-902 (DLI)(MDG)
ROMAN MAVASHEV,                      :
                                     :
                      Defendant.     :
------------------------------------------------------------ x

**DORA L. IRIZARRY, United States District Judge:**

Familiarity with the background, charges, procedural history and current disposition of this case is presumed. *See generally United States v. Mavashev*, 2009 WL 4746301 (E.D.N.Y. Dec. 7, 2009); Memorandum and Order of January 14, 2010 (Docket Entry No. 43). By letter dated January 22, 2010, defendant requests further *Brady* disclosure by the government. The government opposes this request by letter dated February 3, 2010, and requests reciprocal discovery from defendant. For the reasons set forth below, defendant's request for further *Brady* disclosure is denied, and the government's discovery requests are granted in part and denied in part.[1]

**I.    Background**

By letter dated November 19, 2009, the government disclosed to defendant the names and contact information of three potential witnesses—Latasha Matthews, Christina Nikolodakis, and Anzhela Borukova—"whose information may constitute *Brady* material." (Docket Entry No. 26.) On January 15, 2010, in response to a request by defendant, the government supplemented this disclosure with the following summary of the potentially exculpatory information:

---

[1] This Order does not address either defendant's request for an *ex parte in camera* examination by the court of two alleged consensual recordings and a ruling on their admissibility, or the government's request for disclosure of these audio recordings. The court will address these requests at the pre-trial conference scheduled for February 23, 2010.

> Ms. Matthews, who worked at New Generation Funding ("NGF"), advised the government that she was not aware of any destruction or alteration of files by anyone at NGF in preparation for the audit that was conducted by the New York State Banking Department. Ms. Nikolodakis, who worked as an associate of Mr. Mavashev's law firm, advised the government that she was not aware of fraud associated with the loans [defendant] was closing for NGF. Ms. Borukova, who worked as a loan processor at NGF, advised the government that she was not aware of any fraud associated with the loans processed at NGF.

(Docket Entry No. 47 at 1.) Defendant renews his request for further *Brady* disclosure with respect to these witnesses. Specifically, he requests the following:

> All statements . . . made by any witness . . . attribut[ing] to others acts or declarations attributed to [defendant]; all statements . . . made by Latasha Matthews wherein she named anyone other than [defendant] as the person who directed her to destroy documents; all statements . . . made by Christina Nikolodakis wherein she admits handling closings that the government's cooperating witnesses claimed were handled by [defendant]; [and] all statements . . . made by any person contradicting statements made by the government's cooperating witnesses.

(*Id.* at 1–2.)

By letter dated February 3, 2010, the government contends that its previous disclosures satisfied its *Brady* obligations. (Docket Entry No. 49.) Furthermore, it asks that the court compel defendant to produce:

> [A]ny books, papers, documents, photographs, tapes, [or] tangible objects . . . which the defendant intends to introduce as evidence or otherwise rely on at trial; any results of reports or physical or mental examinations . . . scientific tests or experiments made in connection with this case . . . which the defendant intends to introduce as evidence; [the] audio recordings [submitted to the court] for *in camera* review; a written summary of testimony the defendant intends to use under Rules 702, 702, and 705 of the Federal Rules of Evidence; and prior statements of witnesses who will be called by the defendant to testify [pursuant to] Fed. R. Crim. P. 26.2.

(*Id.* at 2–3.)

## II. Discussion

### A. *Brady* and *Giglio* Evidence

"[T]he Government has a constitutional duty to disclose favorable evidence to the accused where such evidence is 'material' either to guilt or to punishment. Favorable evidence includes not only evidence that tends to exculpate the accused, but also evidence that is useful to impeach the credibility of a government witness." *United States v. Coppa*, 267 F.3d 132, 139 (2d Cir. 2001) (citing *Giglio v. United States*, 405 U.S. 150, 154 (1972); *Brady v. Maryland*, 373 U.S. 83, 87 (1963)). "[A] prosecutor must disclose evidence if, without such disclosure, a reasonable probability will exist that the outcome of a trial in which the evidence had been disclosed would have been different." *Coppa*, 267 F.3d at 142. "The rationale underlying *Brady* is not to supply a defendant with all the evidence in the Government's possession which might conceivably assist the preparation of his defense, but to assure that the defendant will not be denied access to exculpatory evidence only known to the Government." *United States v. LeRoy*, 687 F.2d 610, 619 (2d Cir. 1982). Thus, the scope of the government's disclosure requirements do not extend to "its investigative files merely because they contain information which could assist the defendant." *United States v. Reddy*, 190 F. Supp. 2d 558, 575 (S.D.N.Y. 2002). "Furthermore, exculpatory and material evidence is not required to be disclosed under *Brady* if the defendant knows or should have known of 'the essential facts permitting him to take advantage of any exculpatory evidence.'" *Id.* (quoting *United States v. Zackson*, 6 F.3d 911, 918 (2d Cir. 1993)).

With respect to the timing of disclosure, "as long as a defendant possesses *Brady* evidence in time for its effective use, the government has not deprived the defendant of due process of law simply because it did not produce the evidence sooner." *Coppa*, 267 F.3d at 144.

"[T]he time required for the effective use of a particular item of evidence will depend on the materiality of that evidence . . . as well as the particular circumstances of the case." *Id.* at 132. Given the difficulty in determining materiality prior to trial, the Second Circuit has declined to specify a precise meaning for the phrase "in time for effective use." *See United States v. Rodriguez*, 496 F.3d 221, 227–28 (2d Cir. 2007). Thus, a district court has the discretion to order *Brady/Giglio* disclosure at any time as a matter of "sound case management." *United States v. Nogbou*, 2007 WL 4165683, at *3–4 (S.D.N.Y. Nov. 19, 2007); *United States v. Giffen*, 379 F. Supp. 2d 337, 347 (S.D.N.Y. 2004). Indeed, "in some cases, mid-trial disclosure may be adequate where defense counsel, before the start of cross-examination, is given the opportunity to cross-examine the witness outside the presence of the jury." *Rodriguez*, 496 F.3d at 228 n.6; *see also United States v. Rivera*, 60 F. App'x 854, 858 (2d Cir. 2003) (finding no *Brady* violation where exculpatory information was not revealed to defendant until government witness's direct testimony).

Here, the government has already disclosed to defendant—months before the start of trial—the names of three potentially exculpatory witnesses.² Such disclosure alone has been held to satisfy *Brady* in this Circuit. *See, e.g.*, *United States v. Zagari*, 111 F.3d 307, 320 (2d Cir. 1997); *United States v. Fasciana*, 2002 WL 31495995, at *2 (S.D.N.Y. Nov. 6, 2002); *Reddy*, 190 F. Supp. 2d at 575 ("Once the Defendant[] [is] aware of the existence of such witnesses, [he] may . . . subpoena them if the Government does not intend to call them as witnesses at trial.") (citations and internal quotation marks omitted). The government has also described the nature of

---

² (*See* Docket Entry No. 26.) The government has represented that these three constitute its only potential *Brady*/*Giglio* witnesses. To the extent this is no longer so, the government is of course ordered to make further disclosure as necessary, and in a timely manner. *See United States v. Jackson*, 345 F.3d 59, 70 (2d Cir. 2003) ("[T]he government must [also] disclose exculpatory and impeachment materials pertaining to nontestifying witnesses").

the exculpatory information possessed by each of these witnesses (*see* Docket Entry No. 47), further assisting defendant's ability to make "effective use" of it at trial. *See Coppa*, 267 F.3d at 144. Therefore, the court sees no looming *Brady* violation and declines to order additional disclosure at this time.

Defendant nevertheless maintains that because the witnesses are unwilling to cooperate with him, "only possession of their statements will enable [him] to fairly determine whether or not to call them as witnesses and to explore bases for the introduction of the statements without the witnesses' testimony." (Docket Entry No. 45 at 1.) The tactical decisions faced by defendant do not implicate *Brady*, however, and therefore do not require further government disclosure at this time. *See United States v. Feola*, 651 F. Supp. 1068, 1139–40 (S.D.N.Y. 1987) (rejecting request for pretrial disclosure of witness statements in order to "prepare and present the defense").

In sum, it is up to defendant whether to introduce the potentially exculpatory information via direct examination of the witnesses disclosed by the government. If the government itself calls any of the witnesses, 18 U.S.C. § 3500 mandates that the government provide their prior statements to defendant at the conclusion of their direct testimony—but the court cannot compel disclosure any sooner. *See United States v. Percevault*, 490 F.2d 126, 131–32 (2d Cir. 1974). While the court declines to order further *Brady* disclosure at this time, the government "is urged to bear in mind whether, to the extent any version of a particular exculpatory statement [in its possession] is in a form that would be admissible in evidence, any other evidentiary form of that information is . . . available to the defense for presentation at trial." *Fasciana*, 2002 WL 31495995, at *2.

B.      **Government's Discovery Requests**

1.      **Reciprocal Discovery**

The Federal Rules of Criminal Procedure require defendants to permit government inspection and copying of documents, objects, reports of examinations, and tests, so long as the government has already complied with a reciprocal request. *See* FED. R. CRIM. P. 16(b)(1)(A)–(B). Such discovery is only required if "the item is within the defendant's possession, custody, or control; and the defendant intends to use the item in the defendant's case-in-chief at trial." *Id.* Defendants are similarly required to disclose a summary of the opinions of any expert witnesses if reciprocal disclosure has occurred. *See* FED. R. CRIM. P. 16(b)(1)(C).

Here, the record is clear that the government has provided voluminous discovery to defendant, and that the government has requested reciprocity. (*See* Docket Entry Nos. 12, 15, 24.) Therefore, to the extent defendant intends to use any documents, objects, reports of examinations, or tests in his case-in-chief at trial, he is ordered to comply with the government's request immediately, *i.e.* no later than twenty-four (24) hours following the issuance of this Order. Failure to do will result in such evidence being precluded. *See* FED. R. CRIM. P. 16(d)(2)(C).

The government has already disclosed its intention to call an expert witness, and provided a summary of her opinions, their bases, and her qualifications, pursuant to Fed. R. Crim. P. 16(a)(1)(G). (*See generally* Docket Entry No. 43 (denying defendant's motion to preclude expert witness).) Therefore, to the extent defendant intends to introduce expert testimony of his own, he is again ordered to comply with the government's request immediately, *i.e.* no later than twenty-four (24) hours following the issuance of this Order. Failure to do will result in any such experts being precluded from testifying. *See* FED. R. CRIM. P. 16(d)(2)(C).

## 2. Prior Statements of Defendant's Witnesses

The government also requests "prior statements of witnesses who will be called by the defendant to testify," pursuant to Federal Rule of Criminal Procedure 26.2. (Docket Entry No. 49 at 4.) This rule states, in relevant part, that "[a]fter a witness other than the defendant has testified on direct examination . . . [the party who called the witness must produce] any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony." FED. R. CRIM. P. 26.2(a).

It is well settled that a court lacks the power to compel such production by the *government* prior to trial. *See United States v. Taveras*, 1995 WL 390167, at *11 (collecting cases). While the court is unaware of case law from this circuit addressing such production by the *defendant*, Rule 26.2 "place[s] the disclosure of prior relevant statements of a *defense* witness . . . on the same legal footing as is the disclosure of prior statements of *prosecution* witnesses . . . under . . . 18 U.S.C. § 3500." *United States v. Dayan*, 2004 WL 2937859, at *1 (S.D.N.Y. Dec. 20, 2004) (emphasis added) (citations omitted); *see also United States v. Williams*, 181 F. Supp. 2d 267, 295 n.25 (S.D.N.Y. 2001). For this reason, logic dictates that the court is similarly unable to compel production of the prior statements of defendant's witnesses prior to trial.

Defendant is advised, however, that the government typically produces § 3500 material in advance of trial voluntarily, in the interest of avoiding long interruptions in its case-in-chief. Indeed, the government has represented that it will do so a week prior to the beginning of this trial. Therefore, as a matter of professional courtesy, and in the interest of expediting the trial, the court strongly encourages defendant to reciprocate.

## III. Conclusion

For the foregoing reasons, the defendant's request for additional *Brady* disclosure is denied. The government's discovery requests are granted in part and denied in part.

SO ORDERED.

Dated: Brooklyn, New York
        February 23, 2010

                                                                                               _____/s/_____
                                                                              DORA L. IRIZARRY
                                                          United States District Judge